# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

RAHEEM MAJEED,

    Petitioner,

v.                                                        CASE NO. 17-3126-JWL

N. C. ENGLISH, Warden,
USP-Leavenworth,

    Respondent.

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner, a prisoner in federal custody at USP-Leavenworth, proceeds pro se. The Court grants provisional leave to proceed in forma pauperis.

**Background**

Petitioner was sentenced in the U.S. District Court for the District of South Carolina on May 27, 2015. Petitioner then unsuccessfully sought relief under 28 U.S.C. § 2255. Petitioner's subsequent motion to vacate the judgment under Rule 60(b)(4) or in the alternative 18 U.S.C. § 3742(A)(1)(2), was dismissed as a successive § 2255 motion. *See United States v. Majeed*, No. 3:11–685, 2017 WL 76919, at *1 (D.S.C. Jan. 9, 2017), *aff'd* ___ F. App'x ___ (4th Cir. May 31, 2017) (noting the time for Majeed to file a notice of appeal of his May 27, 2015 judgment is long past).

In this action, Petitioner challenges the validity of his sentence as imposed. He specifically claims a miscalculation of the base offense level based on his minor role in the conspiracy, drug quantity, and an incorrect presentence report. Petitioner alleges that the remedy under § 2255 is inadequate because he "was transferred by the United States Marshals Service and

was unable to meet the time barred deadline." (Doc. 1, at 5.)

**Analysis**

A federal prisoner seeking release from allegedly illegal confinement may file a motion to "vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A motion under § 2255 must be filed in the district where the petitioner was convicted and sentence imposed. *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010). This remedy is normally the only means to challenge a federal conviction after the direct appeal is resolved. *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011). However, under the "savings clause" in § 2255(e), a federal prisoner may file an application for habeas corpus under 28 U.S.C. § 2241 in the district of confinement if the petitioner demonstrates that the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

Petitioner has not shown a compelling reason that might justify the use of § 2241 to test the legality of his confinement. "Only in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed." *Sines*, 609 F.3d at 1073. A petitioner does not present one of these rare instances "simply by asserting his ability to file a § 2255 motion is barred by timing or filing restrictions." *Crawford v. United States*, 650 F. App'x 573, 575 (10th Cir. 2016) (unpublished) (citing *Sines*, 609 F.3d at 1073; *Haynes v. Maye*, 529 F. App'x 907, 910 (10th Cir. 2013) (unpublished) (noting fact that § 2255 motion is time-barred doesn't render § 2255 remedy inadequate or ineffective); *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986) ("It is the inefficacy of the [§ 2255] remedy, not a personal inability to utilize it, that is determinative, and appellant's difficulty here is simply that his circumstances preclude him from invoking it.").

Having considered the petition and the nature of the claim presented, the Court will dismiss

this matter. Petitioner may seek authorization in the U.S. Court of Appeals for the Fourth Circuit to pursue a second or successive application for relief under 28 U.S.C. § 2255 in the district of his conviction. *See* 28 U.S.C. 2255(h). Having failed to establish that the remedy provided in § 2255 was inadequate or ineffective, Petitioner may not proceed under § 2241. Accordingly,

**IT IS THEREFORE ORDERED BY THE COURT** that the petition is dismissed.

**IT IS SO ORDERED**.

**Dated in Kansas City, Kansas, on this 4th day of August, 2017.**

s/ John W. Lungstrum
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**